IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEIDI MARTIN : |
| 93 Toledo Lane : CIVIL TRIAL DIVISION |
| Willingboro, NJ 08046 : |
| Plaintiff, : JURY TRIAL DEMANDED |
| : |
| vs. : NO. |
| : |
| BRINK'S, INCORPORATED : |
| 7400 Holstein Avenue : |
| Philadelphia, PA 19153 : |
| Defendant : |

## CIVIL ACTION COMPLAINT

## PARTIES

1. Plaintiff, Heidi Martin ("Martin"), is an adult individual residing 93 Toledo Lane, Willingboro, NJ 08046.  Martin is 59 years old.

2. Defendant, Brink's, Incorporated ("Brink's"), is a corporation or other entity that maintains a registered office and/or principal, regular or usual place of business at 7400 Holstein Avenue, Philadelphia, PA 19153.

## JURISDICTION

3. This is a civil action arising under the laws of the United States and is brought pursuant to the American with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA") the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq. (hereinafter "ADEA"); the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"); and, 42 U.S.C. §1981a.  This Court also has jurisdiction of the claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

4. This Court also has pendent and supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. §1367.  This claim is brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

## VENUE

5. Brink's transacts business and is found in this district.

## FACTUAL BACKGROUND

6. In or about 2002 Martin began working for Dunbar Armored, Inc. ("Dunbar").

7. On or about August 13, 2018 Brink's finalized its acquisition of Dunbar.

8. At the time of the acquisition, Martin was a Regional Vice President with Dunbar.

9. On or about February 14, 2019 Martin became an Integration Manager working under District Vice President, Judah Sieck, and Project Manager Cash Vault, Leesa Davis.

10. Martin was one of four integration managers, and by far the oldest.

11. In addition, Martin suffered from arthritis of the right hip and degenerative disc disease, which affects her ability to sit, stand, sleep, lift and walk.

12. Martin was, nevertheless, capable of performing the essential functions of her position which included, but was not limited to, performing audits, performing investigations, performing research, working with banks and training employees.

13. In or about May 13, 2019, Martin was reassigned to District Vice President, Jeff Knapp (mid-40s) ("Knapp").

14. Knapp observed that Martin walked with a limp, knew about her right hip problems, and knew that she went to therapy for her right hip.

15. In or about July 2019 Martin developed a bladder prolapse which required surgical repair.

16. On or about August 28, 2019 Martin went out on approved FMLA leave to have surgery to repair the bladder prolapse.

17. Prior to going out on leave Knapp asked Martin if she was going to have her right hip fixed; Martin told him "no".

18. District Vice President, Jason Shifflet (early-40s) ("Shifflet"), took over for Knapp while Martin was on leave.

19. Shifflet was a former Dunbar employee who had previously reported to Martin.

20. On November 12, 2019 Martin received a text from Shifflet stating "very busy and could use your help!"

21. Martin was scheduled to return from leave on or about November 18, 2019.

22. Brink's policy only required a doctor's note upon return from leave.

23. Nevertheless, Martin was sent by Brink's to Concentra for a return-to-work examination where she was given a release to sign to allow her medical records to be released to Brink's before being allowed to return to work.

24. Concentra approved Martin's return to work without restrictions.

25. Martin returned to work as scheduled on November 18, 2019, but was sent home later the same day.

26. Martin was discharged by Shifflet on November 20, 2019.

27. The purported reason for the discharge was job elimination.

28. Martin was told that she could apply for another position.

29. Martin did so, but did not receive another position.

30. Martin filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 20, 2020 alleging unlawful age and disability discrimination which was also dual filed with the Pennsylvania Human Relations Commission ("PHRA").

31. As of the date of the EEOC filing, two of the other three integration managers were still employed.

32. The third was offered a branch manager position, but later discharged.

33. Martin was qualified to be a branch manager having previously held that role with Dunbar.

34. Martin had expressed an interest in being a branch manager to both Sieck and Knapp but was not given the opportunity by Brink's.

35. At all times material hereto Brink's was acting by and through its duly appointed employees, agents, servants and/or workmen who were acting within the course and scope of said agency and/or employment relationship with the express and/or implied permission of Brink's.

36. Martin received a "Right to Sue" letter on or about October 14, 2020.  (*See,* letter from EEOC dated October 14, 2020 attached hereto as Exhibit "A".)

### COUNT - I
### PLAINTIFF v. DEFENDANT
### PLAINTIFF'S CLAIMS UNDER THE ADA

37. Martin hereby incorporates by reference all of the allegations contained in paragraphs 1 through 36 inclusive as fully as though the same were herein set forth at length.

38. Martin suffers from a disability as that term is defined by the ADA.

39. Brink's regarded Martin as having a disability withing the meaning of the ADA.

40. Martin was capable of performing the essential functions of her position, the branch manager position, and the position(s) for which she applied after being discharged.

41. Brink's conduct, as outlined above, including, but not limited to requiring Martin to undergo a return-to-work physical, failing to offer Martin a branch manager position, discharging Martin and/or failing to hire Martin after discharge constitutes unlawful disability discrimination and/or retaliation in violation of the ADA.

42. As a direct result of Brink's unlawful and wrongful conduct, Martin has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

43. In addition, Brink's discriminatory conduct has caused Martin emotional distress.

44. Further, said discrimination and/or retaliation was willful, intentional, outrageous, and/or in flagrant disregard of the provisions of the ADA thereby entitling Martin to punitive damages.

5

## COUNT - II
## PLAINTIFF v. DEFENDANT
## PLAINTIFF'S CLAIMS UNDER THE ADEA

45. Martin hereby incorporates by reference all of the allegations contained in paragraphs 1 through 44 inclusive as fully as though the same were herein set forth at length.

46. Brink's conduct, as outlined above, including, but not limited to discharging Martin, failing to offer Martin a branch manager position and/or failing to hire Martin after discharge constitutes unlawful age discrimination and/or retaliation in violation of the ADEA.

47. As a direct result of Brink's unlawful and wrongful conduct, Martin has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

48. Further, said discrimination was willful, intentional, and in flagrant disregard of the provisions of the ADEA thereby entitling plaintiff to liquidated damages.

## COUNT - III
## PLAINTIFF v. DEFENDANT
## PLAINTIFF'S CLAIMS UNDER THE FMLA

49. Martin hereby incorporates by reference all of the allegations contained in paragraphs 1 through 48 inclusive as fully as though the same were herein set forth at length.

50. As of August 28, 2019 Martin had worked for Brink's for more than twelve months.

51. Martin worked in excess of 1,250 hours during the twelve-month period ending August 28, 2019.

52. As a result, Martin was an eligible employee as that term is defined by the FMLA.

53. Brink's employed 50 or more people within a 75-mile radius of Martin's work location.

54. As a result, Brink's was an employer as that term is defined by the FMLA.

55. Brink's conduct, as outlined above, including, but not limited to requiring Martin to undergo a return-to-work physical, discharging Martin and/or failing to hire Martin after discharge constitutes unlawful discrimination and/or retaliation in violation of the FMLA.

56. As a direct result of Brink's unlawful and wrongful conduct, Martin has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

### COUNT - IV
### PLAINTIFF v. DEFENDANT
### PLAINTIFF'S CLAIMS UNDER THE PHRA

57. Martin hereby incorporates by reference all of the allegations contained in paragraphs 1 through 56 inclusive as fully as though the same were herein set forth at length.

58. Brink's conduct, as outlined above, including, but not limited to requiring Martin to undergo a return-to-work physical, failing to offer Martin a branch manager position, discharging Martin and/or failing to hire Martin after discharge constitutes unlawful disability discrimination and/or retaliation in violation of the PHRA.

59. As a direct result of Brink's unlawful and wrongful conduct, Martin has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

60. In addition, Brink's discriminatory conduct has caused Martin emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Martin seeks damages to the extent that she has been harmed by Brink's unlawful conduct and specifically prays that the Court grant the following relief:

A. Enter an Order compelling Brinks to reinstate Martin to her former position with all accrued seniority and benefits so as to put Martin in the same position as though she was never discharged;

B. Award to Martin back salary, wages, fringe benefits, front pay, and other allowable damages, together with prejudgment interest pursuant to the ADA, the ADEA, the FMLA and/or the PHRA;

C. Award to Martin compensatory damages pursuant to the ADA and/or the PHRA;

D. Award to Martin liquidated damages pursuant to the ADEA and the FMLA;

E. Award to Martin punitive damages pursuant to the ADA;

F. Award to Martin and her counsel attorney's fees, costs and disbursements pursuant to the ADA, the ADEA, the FMLA and/or the PHRA; and,

G. Any other equitable or legal relief that this Court deems appropriate.

## **JURY DEMAND**

Martin demands trial by jury of all issues so triable.

                    Respectfully Submitted,

                    By: /s/ Bruce Preissman
                       Bruce Preissman

I.D.# 69996
1032 Mill Creek Drive, Suite 204
Feasterville, PA  19053
(215) 322-6990
Attorney for Plaintiff